UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | |
| JASON M. MILTENBERGER, ) | Case No. 14-45118-659 |
| ) | Judge Kathy A. Surratt-States |
| ) | Chapter 7 |
| Debtor. ) | |
| ) | |
| PHILLIPS 66 COMPANY, ) | **Adversary No. 14-4262-659** |
| ) | |
| ) | |
| Plaintiff, ) | **PUBLISHED** |
| ) | |
| -v- ) | |
| ) | |
| JASON M. MILTENBERGER, ) | |
| ) | |
| ) | |
| Defendant. ) | |

## O R D E R

The matter before the Court is Phillips 66 Company's First Amended Complaint Against Jason M. Miltenberger to Determine the Dischargeability of Debt Under Section 523 of the Bankruptcy Code, Defendant's Motion to Dismiss First Amended Complaint for Failure to State a Claim for Fraud, Suggestions in Support of Defendant's Motion to Dismiss First Amended Complaint, Plaintiff's Response in Opposition to Defendant's Motion to Dismiss First Amended Complaint and Plaintiff's Memorandum in Support of Its Opposition to Defendant's Motion to Dismiss First Amended Complaint. The Court took the matter as submitted. Upon a consideration of the record as a whole, the Court rules as follows.

Creditor Phillips 66 Company (hereinafter "Phillips66") is a Delaware corporation with its principal place of business in Houston, Texas. Jump Oil, Inc. (hereinafter "Jump Oil") is a Missouri corporation with its principal place of business in Jefferson City, Cole County, Missouri. Jump Oil markets gasoline and petroleum-based distillate products to gas stations in Missouri and Oklahoma.

Debtor Jason M. Miltenberger (hereinafter "Debtor"), together with his former spouse Melissa Moore Miltenberger, his brother David Miltenberger, his brother Steven Miltenberger and his sister-in-law Sondra Miltenberger either hold or have held interests in Jump Oil.  Debtor filed a Voluntary Petition under Chapter 7 of the Bankruptcy Code on June 25, 2014 in this Court.  On June 12, 2014, David Miltenberger filed a Voluntary Petition under Chapter 7 of the Bankruptcy Code in this Court.  On June 27, 2014, Steven Miltenberger and Sondra Miltenberger filed a Joint Voluntary Petition under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Western District of Missouri.

In 2004, ConocoPhillips Company (hereinafter "ConocoPhillips") entered into a branding and marketing agreement with Jump Oil (hereinafter "2004 BMA").  In connection therewith, ConocoPhillips required and received unconditional personal guarantees of all of Jump Oil's present and future indebtedness from the then holders of interest in Jump Oil: Steven Miltenberger, Sondra Miltenberger, Debtor, Melissa Moore Miltenberger and David Miltenberger.  In particular, a personal guaranty was executed by Debtor and purportedly executed by Melissa Moore Miltenberger, and was notarized by notary public Becky Bledsoe (hereinafter "Ms. Bledsoe") on March 24, 2004 (hereinafter the "Melissa Guaranty").  A personal guaranty by David Miltenberger was also executed and notarized on April 2, 2004.  Additionally, an affiliated company, RPM Investment Co, Inc. (hereinafter "RPM") executed a corporate guaranty on or about March 10, 2010.  These personal guarantees included extensions of credit and new contractual agreements.

The 2004 BMA was subsequently amended and modified in 2007 (hereinafter "2007 BMA"). The 2007 BMA was functionally replaced by a Brand Incentive Program Agreement (hereinafter "BIP"), though the 2007 BMA remained in effect.  A 2010 Branding and Marketing Agreement (hereinafter "2010 BMA") was subsequently executed.  The BIP remained in effect after the 2010 BMA was executed.

Under the BIP, monetary incentive payments were provided by ConocoPhillips to Jump Oil

and in return, Jump Oil would maintain the ConocoPhillips brand and image standards in addition to purchasing a minimum volume of gasoline and distillates. Failure to purchase the minimum amount of gasoline and distillates from ConocoPhillips, or termination of the 2010 BMA, would obligate Jump Oil to repay a percentage of the monetary incentive payments depending on the number of years that Jump Oil remained in this brand incentive program.

Jump Oil breached the 2010 BMA and the BIP, and ConocoPhillips sent several demand letters for payment of $5,887,130.00 plus interest and attorneys fees. Neither Jump Oil nor any of the guarantors have made any payment to ConocoPhillips or Phillips66 for this debt.

On or about May 1, 2012, ConocoPhillips assigned the 2010 BMA and the aforementioned guarantees to the newly formed Phillips66, and Phillips66 filed suit in the United States District Court for the Northern District of Oklahoma to enforce the 2010 BMA, the BIP and the personal guarantees (hereinafter the "Law Suit"). The Law Suit was transferred to the Western District of Missouri. Jump Oil filed a Voluntary Petition for relief under Chapter 11 of the Bankruptcy Code on February 13, 2013 in this Court.

Melissa Moore Miltenberger filed a motion to dismiss in the Law Suit on the basis that her signature on the Melissa Guaranty was forged. On December 11, 2013, Melissa Moore Miltenberger was deposed in the Law Suit and she testified that Debtor contacted her in June or July of 2012 via telephone and confessed to her that he forged her signature on the Melissa Guaranty. Forensic experts in the Law Suit concluded that Melissa Moore Miltenberger either did not sign the Melissa Guaranty or that it was highly probable that she did not sign the Melissa Guaranty. Those same forensic experts did not conclude that Debtor forged Melissa Moore Miltenberger's signature on the Melissa Guaranty.[1] Ms. Bledsoe testified during her deposition in

---

[1] The forensic examiner hired on behalf of Phillips66 in the Law Suit stated that "from the evidence available at this time, I have reached no conclusion regarding whether [Jason Miltenberger] did or did not write the M. Miltenberger signature in question." Ex. O, to Phillips 66 Company's First Amended Complaint Against Jason M. Miltenberger to Determine the Dischargeability of Debt Under Section 523 of the

-3-

the Law Suit that during her employment at Jump Oil, she would do the following: notarize signed documents for members of the Miltenberger family in the absence of the signatory, notarize documents at the request of Steven Miltenberger even if the signatory was not present and she would not notarize any document for any Miltenberger family member in the absence of the signatory without getting Steve's permission and there was never a time where she requested Steve's permission to notarize a document that he denied the request.

Paragraph 28 of Phillips 66 Company's First Amended Complaint Against Jason M. Miltenberger to Determine the Dischargeability of Debt Under Section 523 of the Bankruptcy Code (hereinafter "Amended Complaint") states that as:

> President of Jump, Steven was responsible for negotiating, and did negotiate, with ConcocoPhillips the 2004 BMA, the Guaranties, the 2007 BMA, its amendment, the 2010 BMA, the Security Agreement, and any other relevant agreements between Jump and ConocoPhillips, and ConocoPhillips and the Guarantors. At Steven's specific request, or by others on his behalf, Jason executed the Guaranty Agreement and signed or had signed Melissa's name and then had it notarized by Becky Bledsoe. In acting on behalf of Jump in requiring the Guaranty Agreements be executed by each of the owners, Steven was also acting on behalf of Jason, David, Melissa, Sondra and himself as owners of Jump.

Amended Complaint, ¶ 28.

Phillips66 was granted summary judgment in the Law Suit on August 28, 2014 and RPM was held liable. Judgment could not be entered against Steven Miltenberger, Sondra Miltenberger or David Miltenberger due to their respective pending bankruptcy cases.[2] No claims against

---

Bankruptcy Code, p. 5.

[2] While not directly relevant, the Court notes that on May 8, 2015, in a similar adversary against Steven Miltenberger, the U.S. Bankruptcy Court for the Western District of Missouri determined that the debt owed pursuant to the guaranty executed by Steven Miltenberger and Sondra Miltenberger was dischargeable in that Phillips66 did not prove by a preponderance of the evidence that Steven Miltenberger had knowledge that Melissa Moore Miltenberger's signature was forged thereby failing to prove the second element that the debtor knew the representation was false when made, or that Steven Miltenberger had intent to deceive ConocoPhillips thereby failing to prove the third element that the debtor made the representation deliberately and intentionally with the intention and purpose of deceiving the creditor. *See In re Miltenberger,* 531 B.R. 228 (Bankr. W.D. Mo. 2015).

Melissa Moore Miltenberger or Ms. Bledsoe were maintained.

Phillips66 now seeks a determination that the debt should be excepted from discharge pursuant to Section 523(a)(2)(A) on the basis that Debtor participated in the decision to forge Melissa Moore Miltenberger's signature on the Melissa Guaranty and that this misrepresentation was made to fraudulently induce ConocoPhillips to extend credit to Jump Oil.  Debtor argues that Phillips66 has failed to state a claim, that Phillips66 has not particularly alleged fraud, the Melissa Guaranty is unenforceable and that the statute of limitations bars the applicability of the personal guarantees because the Law Suit was filed more than 10 years after the personal guarantees were executed.

## JURISDICTION

This Court has jurisdiction of this matter pursuant 28 U.S.C. §§ 151, 157 and 1334 (2014) and Local Rule 81-9.01(B) of the United States District Court for the Eastern District of Missouri. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I) (2014).  Venue is proper in this District under 28 U.S.C. § 1409(a) (2014).

## CONCLUSIONS OF LAW

Federal Rule of Civil Procedure 8(a), as made applicable in adversary proceedings by Federal Rule of Bankruptcy Procedure 7008(a) states:

> (a) Claim for Relief. A pleading that states a claim for relief must contain:
>
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed.R.Civ.P. 8(a)(2014); Fed. R. Bankr. P. 7008(a) (2014).  Federal Rule of Civil Procedure 12(b), as made applicable in adversary proceedings by Federal Rule of Bankruptcy Procedure 7012(b),

provides that a defendant may assert as a defense that the plaintiff has failed to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b) (2014); Fed. R. Bankr. P. 7012(b) (2014). When failure to state a claim is raised as a defense, the Court must take the plaintiff's factual allegations as true and afford the plaintiff all reasonable inferences from those allegations. *Butler v. Bank of America, N.A .,* 690 F.3d 959, 961 (8th Cir. 2012).

To survive dismissal under Rule 12(b)(6), the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)). A complaint states a plausible claim for relief if its "factual content ... allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678, 129 S.Ct. at 1949. Plaintiff must show in the pleading that success on the merits is more than a "sheer possibility." *Id.* A court is not bound to "accept as true a legal conclusion couched as a factual allegation." *Id.* "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955 (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)).

Phillips66 seeks relief under Section 523(a)(2)(A) which provides that a debtor is not entitled to discharge of a debt "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by ... false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition...." 11 U.S.C. § 523(a)(2)(A) (2014). To prevail under Section 523(a)(2)(A), a plaintiff must prove by a preponderance of the evidence that:

> 1. The debtor made a representation.
> 2. The debtor knew that the representation was false at the time it was made.
> 3. The representation was deliberately made for the purpose of deceiving the creditor.

> 4. The creditor justifiably relied on the representation.
> 5. The creditor sustained the alleged loss as the proximate result of the representation having been made.

*In re Maurer,* 256 B.R. 495, 500 (B.A.P. 8th Cir 2000); *In re Blair*, 324 B.R. 725, 729 (Bankr. W.D. Ark. 2005) (citing *Merchants Nat'l Bank of Winona v. Moen (In re Moen),* 238 B.R. 785, 790 (B.A.P. 8th Cir. 1999)); *Grogan v. Garner,* 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). "A 'false pretense' involves implied misrepresentation or conduct intended to create and foster a false impression." *In re Moen,* 238 B.R. at 791 (quoting *In re Guy,* 101 B.R. 961, 978 (Bankr. N.D. Ind. 1988)). "[W]hen the circumstances imply a particular set of facts, and one party knows the facts to be otherwise, that party may have a duty to correct what would otherwise be a false impression. This is the basis of the 'false pretenses' provision of Section 523(a)(2)(A)." *Id.* (quoting *In re Malcolm,* 145 B.R. 259, 263 (Bankr. N.D. Ill. 1992)).

Because Phillips66 proceeds under an allegation of actual fraud, per Federal Rule of Bankruptcy Procedure 7009(b), the pleading requirements of Federal Rule of Civil Procedure 9(b) apply, which states:

> (b) Fraud or Mistake; Conditions of Mind. In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

Fed. R. Civ. P. 9(b) (2014); Fed. R. Bankr. P. 7009(b) (2014).

The Eighth Circuit has stated "[u]nder Rule 9(b)'s heightened pleading standard, 'allegations of fraud ... [must] be pleaded with particularity.'" *Summerhill v. Terminix, Inc.,* 637 F.3d 877, 880 (8th Cir.2011) (quoting *Great Plains Trust Co. v. Union Pac. R .R. Co.,* 492 F.3d 986, 995 (8th Cir.2007) (finding a mere allegation of fraud insufficient to survive a Rule 9(b) challenge)). "In other words, Rule 9(b) requires plaintiffs to plead 'the who, what, when, where, and how: the first paragraph of any newspaper story.'" *Id.* (quotation omitted); *see Webster Indus., Inc. v. Northwood Doors, Inc.,* 320 F.Supp.2d 821, 847 (N.D.Iowa 2004) ("As to pleading of 'predicate acts' of fraud,

      Pg 8 of 10

Rule 9(b) requires that the plaintiff specifically allege the 'circumstances constituting fraud'...."). "[T]he exact level of particularity that is required will necessarily differ based on the facts of the case." *Cincinnati Life Ins. Co. v. Beyrer,* 722 F.3d 939, 948 (7th Cir. 2013) (citation omitted).

Generally, allegations of fraud made on "information and belief" or based on secondhand information do not meet the heightened particularity pleading standard of Rule 9(b) unless either the plaintiff provides the grounds for his suspicions or the facts constituting the fraud are not accessible to the plaintiff. *Id.* (citing *Pirelli Armstrong Tire Corp. Retiree Medical Benefits Trust v. Walgreen Co.,* 631 F.3d 436, 442-43 (7th Cir. 2011)).

Debtor essentially argues that Phillips66's allegations of fraud or misrepresentation should be dismissed because they do not meet the heightened "particularity" requirement embodied in Rule 9(b). Specifically, Debtor states that Phillips66's only allegation against him is that at the direction of Steven Miltenberger or an unnamed person, either he forged or had an unnamed person forge, Melissa Moore Miltenberger's signature on the Melissa Guaranty. As such, Phillips66 vaguely refers to "one or more" of Steven Miltenberger, Sondra Miltenberger, David Miltenberger, Debtor and/or some unnamed person either forged or participated in the decision to forge Melissa Moore Miltenberger's signature. Moreover, Debtor argues that Phillips66 fails to allege that it: justifiably relied on a misrepresentation of Debtor, either directly or via ConocoPhillips as predecessor-in-interest, that execution of the Melissa Guaranty was material to granting the debt or in Phillips66's decision to take the assignment in March 2012, that Debtor intended that ConocoPhillips or Phillips66 rely on the misrepresentation, or than ConocoPhillips and Phillips 66's reliance on the Melissa Guaranty was reasonable. Debtor further argues that the Melissa Guaranty is void as a matter of law and that the statute of limitations bars any claim of fraud arising out of the execution of the Melissa Guaranty.

The Court concludes that Phillips66 cannot meet the pleading requirements. The key allegation is contained in Paragraph 28 of the Amended Complaint which states in part that "[a]t

-8-

Steven's specific request, or by others on his behalf, Debtor executed the Guaranty Agreement and signed or had signed Melissa's name and then had it notarized by Becky Bledsoe.  In acting on behalf of Jump in requiring the Guaranty Agreements be executed by each of the owners, Steven was also acting on behalf of Jason, David, Melissa, Sondra and himself as owners of Jump." Amended Complaint, ¶ 28.  Here, Phillips66 has not alleged that Debtor is the "who" of the alleged fraud.  Rather, Phillips66 alleges that either Debtor or one of many other people, some named and some unnamed, were the "who."  The statement at Paragraph 28 could be read fairly to allege many things, against many people.  As such, Phillips66's use of "or" obscures identification of relevant parties to the fraud and in this instance, contravenes the pleading standards of Rule 9(b).

Phillips66 thus does not particularly allege that Debtor forged Melissa Moore Miltenberger's signature.  Rather, Phillips66 vaguely states that Debtor either forged or was involved in the decision for Melissa Moore Miltenberger's signature to be forged.  Phillips66 moreover has not pled that Debtor submitted the Melissa Guaranty containing the forgery to ConocoPhillips.  As such, Phillips66 has not pled that Debtor is the one who made the statement but rather that either Steven or Debtor, or someone else at the direction of either Steven or Debtor, made the statement.

The Amended Complaint states that either Debtor and/or another family member knew that the Melissa Guaranty was forged and therefore that the representation to ConocoPhillips was false.  Even if it is accepted that Debtor knew that Melissa Moore Miltenberger's signature was false, there is no allegation that he also knew that Ms. Bledsoe would, at Steven's direction, notarize documents outside of the presence of the signatory.  Moreover, there is no allegation that Debtor submitted the Melissa Guaranty to ConocoPhillips.  The allegations contained in the Amended Complaint are not sufficiently particular for an allegation of fraud against Debtor.

Likewise, there is no allegation that but for execution of the Melissa Guaranty, ConocoPhillips would not have entered into the agreements with Jump Oil and therefore the loss sustained was as a result of Debtor's involvement in this forgery.  Certainly, this was not pled by

Phillips66. And to that end, it appears from the record and supporting documents that such an allegation cannot be pled.

In sum, Phillips66 has not pled with the requisite particularity for an allegation of fraud against Debtor. Even accepting all allegations as true in favor of Phillips66, still, Phillips66 has failed to state a claim for fraud committed by Debtor. Therefore,

**IT IS ORDERED THAT** Defendant's Motion to Dismiss First Amended Complaint for Failure to State a Claim for Fraud is **GRANTED** and First Amended the Complaint is **DISMISSED** without prejudice.

_Kathy A. Surratt-States_
KATHY A. SURRATT-STATES
Chief United States Bankruptcy Judge

DATED: September 22, 2015
St. Louis, Missouri

Copies to:

Office of the United States Trustee
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Suite 6.353
St. Louis, MO  63102

Darin Lee Brooks
Gray Reed & McGraw, P.C.
1300 Post Oak Blvd.
Suite 2000
Houston, TX 77056

Mark A. Ludolph
Heyl, Royster, Voelker & Allen
124 S. W. Adams St., Ste 600
Peoria, IL 61602

Leonard Komen
13321 N. Outer 40 Rd., Ste. 100
Town & Country, MO 63017

Phillips 66 Company
a div. of Phillips Petroleum Co.
P.O. Box 80
Bartlesville, OK 74005

John Gregory George, Jr.
Beirne Maynard & Parsons, L.L.P.
112 E. Pecan, Suite 2750
San Antonio, TX 78205

Jason McFall Hudson-Miltenberger
163 Southdown Drive
Chesterfield, MO 63017